## CONFLICTING EVIDENCE ON CONFIRMATION OF SALE.

Circuit Court of Cuyahoga County.

MARY DUCKWITZ V. NATHAN KOMITO ET AL.

Decided, December 22, 1905.

*Weight of Evidence—Credibility of Witnesses for Trial Judge—Confirmation of Sale.*

An order confirming a sale of real estate made by the sheriff will not be reversed on the weight of the evidence, where the evidence on the motion for confirmation was conflicting, for the trial judge is better able to consider the credibility of the witnesses than a reviewing court.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

The unfortunate occurrence here involved is one in which we can not grant the relief prayed for in the petition in error. We are asked to reverse an order of the common pleas court confirming a sale of real estate made by the sheriff. The contention of the court below was that the sale confirmed was reported as made to Mary Duckwitz, plaintiff in this case, on the bid of her attorney, a reputable member of the bar, while in fact the bid was so made by mistake on the part of her attorney and wholly without authority from the plaintiff.

The bill of exceptions contains all the evidence taken on the hearing of the motion. The attorney and the plaintiff both state that the former had received no instructions from the latter to bid on the property; the attorney explains how he made his mistake and the plaintiff alleges that it would be a hardship for her to be compelled to take the property. Had this been all the evidence offered on the hearing, it would have been clearly an abuse of discretion and error on the part of the court to confirm the sale.

But the defendants in the action produced witnesses whose positive statements as to what transpired at the sale fully warranted the trial judge in confirming the sale, if he believed them. He choose to believe them and confirmed the sale. Under

such conflicting evidence, the verdict of a jury would not be set aside, no matter which way it brought in a verdict.

How much more improper would it be for this court to reverse a judgment of a judge when his determination of a matter resting largely within his discretion is based upon his consideration of conflicting evidence. This court, under the circumstances shown by the evidence, might have decided differently, had the original hearing been before it, but that is not sufficient reason for reversing the judgment of the trial court.

Judgment affirmed.

---

### BAD JUDGMENT EXERCISED BY A DRIVER.